**XUE MEI CHEN, aka Weihong Liu, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.**

No. 07–3096–ag.

United States Court of Appeals, Second Circuit.

April 1, 2008.

Gary J. Yerman, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Jessica E. Sherman, Trial Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, HON. CHESTER J. STRAUB and Hon. ROBERT A. KATZMANN, Circuit Judges.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

## SUMMARY ORDER

Petitioner Xue Mei Chen, also known as Weihong Liu, a citizen of the People's Republic of China, seeks review of a July 10, 2007 order of the BIA affirming the May 7, 2003 decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz denying petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xue Mei Chen a.k.a. Weihong Liu*, No. A77 993 813 (B.I.A. Jul. 10, 2007), *aff'g* No. A77 993 813 (Immig. Ct. N.Y. City May 7, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See, e.g., Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews questions of law and the application of law to fact *de novo*. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

■ We conclude that the IJ's adverse credibility determination is supported by substantial evidence. The agency found that there were "material discrepancies" between Chen's testimony, her credible fear interview, and her airport interview. *See Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 396–98 (2d Cir.2005) (per curiam).

■ Where an adverse credibility finding is based on inconsistencies between an applicant's testimony and the record of her airport interview, we examine the interview to ensure that it represents a "sufficiently accurate record of the alien's statements to merit consideration" in assessing credibility. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir.2004). Here, the record of Chen's airport interview is sufficiently reliable because: the record consists of a verbatim list of the questions posed and Chen's answers; she was provided with a Chinese interpreter; she indicated that she understood the questions; her answers were responsive; and she was asked questions designed to elicit the details of her asylum claim, such as why she left China, whether she feared returning to China, and whether she would be harmed if she were returned. The record of the interview also indicates that she was given a chance to ask questions, she was asked whether there was anything she wanted to add to her statement, and she initialed each page and signed the statement. Because there is no indication that Chen's testimony was coerced, unfairly truncated, or mistranslated in any way, "it is entirely appropriate that a factfinder consider such testimony when making a credibility assessment." *See Yun–Zui Guan*, 432 F.3d at 397; *see also Kanacevic v. INS*, 448 F.3d 129, 136–37 (2d Cir.2006).

Similarly, we agree with the agency that the record of Chen's credible fear interview was reliable as well, "notwithstanding the asylum officer's failure to provide a verbatim transcript." *See Diallo v. Gonzales*, 445 F.3d 624, 633 & n. 3 (2d Cir. 2006).

Having found that the agency reasonably relied on the statements Chen made in both her airport and credible fear interviews, we further find that substantial evi-

dence supports the agency's adverse credibility determination. The agency properly found that Chen's statement at her airport interview that she was a member of Falun Gong and practiced every morning was inconsistent with her subsequent hearing testimony that she had never been a practitioner and that her fear was based on the Chinese government imputing the beliefs of her friend and co-worker to her. This inconsistency is supported by the record and is substantial when measured against the record as a whole because it calls into question the basis of Chen's alleged fear. *See Secaida–Rosales*, 331 F.3d at 308–09.

The agency also properly found an inconsistency between Chen's assertion at her credible fear interview that she had not been identified as a Falun Gong practitioner "but fears she might be accused" and her subsequent testimony that the police came to her house, told her mother that she practiced Falun Gong, and instructed her to have Chen report to the police station. Given these material inconsistencies, which go to the heart of Chen's claim for relief, we find no error in the agency's adverse credibility finding. *See id.* [2]

Because the only evidence of a threat to Chen's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her applications for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005). To the extent that Chen based her CAT claim before the agency on her fear of torture for having departed China illegally,

she has not raised that claim before this Court. Thus, we deem that claim to have been waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Chen's pending motion for a stay of removal in this petition is DISMISSED as moot.

---

2. Because we find that the agency's adverse credibility determination is supported by substantial evidence, we need not reach its additional finding that Chen failed to satisfy her burden of proof.

